**Kenneth MORAN, Petitioner-Appellee,**

v.

**Paul J. MORRIS, Warden,
Respondent-Appellant.**

No. 79–2655.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1980.

Decided Dec. 28, 1981.

Owen Lee Kwong, Los Angeles, Cal., for respondent-appellant.

Leslie H. Abramson, Beverly Hills, Cal., for petitioner-appellee.

Before KENNEDY and TANG, Circuit Judges, and SPEARS,* District Judge.

KENNEDY, Circuit Judge:

The State of California appeals from an adverse judgment in a habeas corpus proceeding. Kenneth Moran, the petitioner, had been convicted of serious crimes in the Superior Court of California in and for the County of Los Angeles. Petitioner was convicted on two counts for kidnapping with the purpose of robbery, two counts for robbery in the first degree, three counts for burglary in the first degree, and for conspiracy to commit those offenses. The convictions were affirmed by the California Court of Appeal, which filed a comprehensive but unpublished opinion.

The petitioner's principal argument in applying for a writ of habeas corpus is that his sixth amendment right was violated because his state trial counsel was incompetent. Petitioner's claim essentially rests on his counsel's failure to object to some of the evidence used to corroborate the testimony of an accomplice who testified for the prosecution.

Moran's habeas corpus petition was referred by the district court to a magistrate for an evidentiary hearing pursuant to the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) (1976). The magistrate held an extensive evidentiary hearing and on July 25, 1979, filed a detailed opinion, which constituted his initial report and recommen-

dation. The magistrate heard objections to the report from both counsel and substantially rejected them. He filed a supplemental report and recommendation with the district court on September 5, 1979. On that same day, the district court adopted verbatim the magistrate's report and recommendation. The court ordered issuance of the writ, conditioned upon certain further proceedings in the state court. Its opinion, reciting the magistrate's recommendations, is reported. *Moran v. Morris*, 478 F.Supp. 145 (C.D.Cal.1979).

The proceedings before the magistrate were transcribed long after the district court approved the magistrate's recommendation, precluding the possibility that the district court reviewed the transcript prior to judgment. It is possible that the district court listened to tape-recordings of the proceedings, but the shortness of time between the submission of the magistrate's report and the entry of judgment strongly suggests that this did not occur, and all counsel at oral argument in this court assumed that the district judge did not review the tape or have it available. In approving the magistrate's recommendation, it appears that the district court referred only to the record submitted with the habeas corpus petition. *See id.*, at 147. This submission would have included only the state court trial transcripts, and not the transcripts of proceedings held before the magistrate.

The Federal Magistrate's Act specifically provides that "a judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (1976). A threshold requirement for a de novo determination is that the district court have a record of the proceedings before the magistrate. *Orand v. United States*, 602 F.2d 207, 209 (9th Cir. 1979). *See also Campbell v. United States District Court*, 501 F.2d 196, 206–07 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42

---

* Honorable Adrian A. Spears, Senior United States District Judge for the Western District of Texas, sitting by designation.

**902**

L.Ed.2d 119 (1974). This condition was not met here. The error is more significant than simply a failure to observe a technical statutory requirement. The district court was in effect putting in motion the machinery to set aside felony convictions that had been thoroughly reviewed in the state court system. To do so without strict compliance with the statutory requirement of a de novo determination was a serious breach of the etiquette that must prevail in the federal system if the sovereignty of the separate states is to be accorded its proper respect. On this ground alone, the case must be remanded.

The State argues that the district court could not, consistently with article III of the Constitution, delegate an evidentiary hearing to a magistrate where the ultimate issue is the validity of a state court judgment. That contention is, essentially, that any critical findings of credibility or fact on which the grant or denial of a writ will ultimately rest must be made by an article III judge. In our view, this argument is not ripe for our consideration. The Magistrate's Act explicitly provides that a district court *may* receive any additional evidence it considers necessary. There may be compelling reasons why considerations of comity, faithfulness to the statutory scheme, or the need to resolve the course of a fairly complicated chain of events several years ago will lead a district court to receive substantial significant evidence, including live testimony of any witnesses thought appropriate. If a court makes a de novo determination of the disputed findings or recommendations, it may discover the need to hear additional evidence on critical portions of the case.

The State should make these arguments to the district court on remand, and that court should in the first instance have the opportunity to afford the State the procedural safeguards it requests. If the district court denies the State the opportunity to present evidence as the State considers necessary, and if the district court determines issuance of the writ is appropriate, the issue whether the statute is constitutional may then be presented.

This panel has reviewed thoroughly the entire record of the proceedings below. There are questions which remain unanswered and which review by the district court after our remand may clarify. Particularly, defense counsel's failure to object to certain evidence may be the result of a number of circumstances. The failure to object may have been due to either an unawareness of the incriminating nature of the evidence, legitimate concentration on other strategies for defending the case, or ignorance of the circumstances of its seizure and possible grounds for objection based thereon. In addition, if counsel was unaware of either the incriminating nature of the evidence or the circumstances of its seizure, the record to date does not make clear whether this was due to a failure to heed suggestions by the defendant's wife as to the appropriateness of investigating the briefcase seizure, some failure by the prosecutor to provide a reasonable degree of access to or disclosure of the material in question, or some uncertainty on the part of defense counsel as to whether the material in the briefcases could be sufficiently tied to the defendant so as to provide the requisite corroboration of the accomplice's testimony. If the district court on remand is able to provide some clarification of these events, and their respective causal contributions to the ultimate failure to object to admission of the evidence, review by this court will be facilitated.

On remand, it will be appropriate for the district court to deal with some of the difficult questions of federalism posed by this case. The California Court of Appeal already considered Moran's claims on the sufficiency of corroboration and the effectiveness of counsel. *People v. Moran*, Crim. No. 26736, at 4, 25 (2d App. D. Dec. 4, 1975). Factual findings by state courts should be presumed correct unless this court finds applicable one of the conditions set forth in 28 U.S.C. § 2254(d) (1976). If none of these conditions applies, the burden rests upon the habeas petitioner to establish by convincing evidence that the factual determination by the state court was erroneous. *Sumner v. Mata*, 449 U.S. 764, 101 S.Ct. 764,

66 L.Ed.2d 722 (1981). Since the decision of the California Court of Appeal that Moran had not been denied effective counsel appears to have involved complex factual determinations, it may be appropriate to apply the presumption of correctness formula to the California court's judgment. Even though the ruling by the California court was made without the aid of evidence developed at the federal habeas review, it is clear that a state court's failure to consider all the relevant circumstances underlying a petitioner's claim does not necessarily constitute a denial of that petitioner's right to an *opportunity* for the consideration of his claims under *Stone v. Powell*.[1] *See Williams v. Brown*, 609 F.2d 216, 218–20 (5th Cir. 1980); *Mack v. Cupp*, 564 F.2d 898, 901–02 (9th Cir. 1977).

The order granting the writ of habeas corpus is VACATED and the case is REMANDED for further proceedings.

---

1. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Stone* involved a fourth amendment claim, while *Moran* has raised a sixth amendment issue. This circuit has not resolved whether, or to what extent, the principles of *Stone* extend to sixth amendment challenges which implicate search and seizure issues. We reserve this question pending the district court's decision on remand.