Steve Leroy WORLEY,
Plaintiff-Appellant,

v.

J.D. SHARP, Oklahoma County Sheriff,
Defendant-Appellee.

Milford Wayne EDWARDS,
Plaintiff-Appellant,

v.

J.D. SHARP, (Sheriff),
Defendant-Appellee.

Nos. 83–1024, 83–1026.

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 1983.

Steve Leroy Worley, pro se.

Milford Wayne Edwards, pro se.

Robert H. Macy, Dist. Atty., and Frank E. Walta, Asst. Dist. Atty., Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.

These are appeals from orders of the United States District Court for the Western District of Oklahoma dismissing plaintiffs' civil rights actions brought pursuant to 42 U.S.C. § 1983. These appeals are considered together because of their close similarity in facts and issues. The events giving rise to these complaints occurred while plaintiffs were pretrial detainees at the Oklahoma County Jail. Plaintiffs raised numerous contentions regarding the conditions of confinement. A federal magistrate ordered the Oklahoma Department of Health to conduct investigations pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). Plaintiffs took appeals from those orders on the ground that the Department of Health was not the proper authority to conduct the investigation. The appeals were dismissed for lack of finality. *Edwards v. Sharp,* Unpublished No. 82–2157 (10th Cir. filed October 20, 1982); *Worley v. Sharp,* Unpublished No. 82–2088 (10th Cir. filed December 9, 1982).

For the most part, the reports of the Oklahoma Department of Health were not favorable to plaintiffs' allegations. Thus, the court determined that plaintiffs could not make a rational argument, on the law or the facts, in support of their claims of constitutional deprivations. Plaintiffs' actions were, therefore, dismissed.

At the outset we observe that our decision in *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978), authorized the district courts to direct the state prison officials to conduct an investigation and prepare a report developing the pertinent facts. In *Key v. Ogburn,* Unpublished No. 81–2363 (10th Cir. filed April 27, 1982), however, we noted that *Martinez* could not be construed to authorize the appointment of officials outside the affected institution to handle the investigation. We there held improper the selection of a tribunal consisting of the county attorney, the county clerk and the justice of the peace. In the instant case, the district court appointed the Oklahoma Department of Health rather than the responsible authority in the jail. Therefore, to the extent that the district court relied on the "Martinez" reports in dismissing the action, the judgments of the district court must be reversed and remanded for further proceedings not inconsistent with this opinion.

Upon remand, it may be appropriate for the district court to allow plaintiffs to amend their complaints in order to present specific factual allegations regarding Sheriff Sharp's degree of participation in the alleged constitutional deprivations or to name additional defendants. See *McClam v. Barry,* 697 F.2d 366, 368 (D.C.Cir.1983).

The mandates shall issue forthwith.