**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Danny Lee WEY, Defendant–Appellant.**

**No. 89–2106.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 16, 1990.[*]

Decided Feb. 15, 1990.

Rehearing and Rehearing En Banc Denied March 21, 1990.

---

[*] This case was set for oral argument on January 16, 1990. Neither lawyer appeared.

Robert Eggers, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Michael J. Costello, Immel, Zelle, Ogren, McClain, Germeraad & Costello, Springfield, Ill., for defendant-appellant.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Danny Lee Wey persuaded banks to furnish money to partnerships he organized. The banks lent on the strength of notes signed by the partners. Wey forged the partners' names; a jury convicted him of defrauding both the banks and the partners. He received a total of nine years' imprisonment, and the court required him to make restitution of $855,000 plus interest. The evidence, viewed in the light most favorable to the verdict, is sufficient, and although the judge erred in admitting some of the other-crime evidence the prosecutor adduced, see *United States v. Beasley*, 809 F.2d 1273 (7th Cir.1987), the error is harmless. The only substantial issue concerns the magistrate's role in jury selection. *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), holds that a magistrate may not preside when the defendant objects; we conclude that Wey does not benefit from this decision.

Gomez objected to the magistrate's role; Wey's lawyer agreed to it. He did so after the Supreme Court granted certiorari in *Gomez*, —— U.S. ——, 109 S.Ct. 782, 102 L.Ed.2d 773 (1989). Wey did not withdraw his consent before the district court, and his opening brief in this court, filed on August 19, 1989, more than two months after the Supreme Court's decision, does not mention *Gomez*. Not until his reply brief did Wey contend that the magistrate lacked authority. So Wey not only acceded to the magistrate's role in the district court but also waived objection in this court by omitting it from his opening brief. E.g., *Duggan v. Board of Education*, 818 F.2d 1291, 1293 (7th Cir.1987); *In re Bear*, 789 F.2d 577, 579–80 (7th Cir.1986); *United States v. Goodwin*, 770 F.2d 631, 640 n. 4 (7th Cir.1985); *Beerly v. Department of the Treasury*, 768 F.2d 942, 949 (7th Cir. 1985). Relief now is possible only if there was "plain error" or the magistrate lacked subject-matter jurisdiction.

Four courts of appeals have considered whether participation of the magistrate is plain error. The Ninth Circuit holds that it is, *United States v. France*, 886 F.2d 223, 227–28 (1989); the First and Second Circuits hold that it is not, *United States v. Lopez–Pena*, 890 F.2d 490, 493–97 (1st Cir.1989); *United States v. Mang Sun Wong*, 884 F.2d 1537, 1545–46 (2d Cir.1989). *Mang Sun Wong* also holds that *Gomez*

does not establish a rule of subject-matter jurisdiction, which would have to be implemented despite lack of objection and without regard to prejudice. *Virgin Islands v. Williams*, 892 F.2d 305 (3d Cir.1989), holds that *Gomez* establishes a jurisdictional rule but adds that if the defendant consents, the magistrate may conduct jury selection even after *Gomez*. Judge Aldrich dissented in *Lopez–Pena* and Judge Altimari dissented in *Mang Sun Wong*. Judge Mansmann, concurring in *Williams*, thought that *Gomez*'s rule is jurisdictional, that consent does not authorize the magistrate to conduct *voir dire*, and that *Lopez–Pena* states the proper approach to plain error.

This welter of views tempts us to return to ground zero and reason this out afresh. We resist; there are enough voices already. Judge Selya's opinion for the majority of the First Circuit covers this ground persuasively. We follow *Lopez–Pena* in holding that jury selection by a magistrate is not plain error. To be "plain", error must be not only clear but also prejudicial; any error here was not.

As for "jurisdiction": the word is a many-hued term, see *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–79 (7th Cir.1987). Courts may have jurisdiction for some purposes but not others. *Gomez* uses the word "jurisdiction" in a context revealing that the Court meant "authority". The United States District Court for the Central District of Illinois had jurisdiction of the subject matter under 18 U.S.C. § 3231 and 28 U.S.C. § 1355. Magistrates are judicial officers within the district court, 28 U.S.C. §§ 631, 636; *United States v. Raddatz*, 447 U.S. 667, 681, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980). Subject-matter jurisdiction is absent when a federal court may not issue a binding decree on a subject—perhaps because Congress has not authorized it, perhaps because the Constitution does not allow it. Which judicial officer presides during jury selection does not affect the court's subject-matter jurisdiction, for it has nothing to do with whether the tribunal may enter a judgment conclusively resolving this dispute. The judgment (that is, the sentence) of the district court concerns a federal crime and is binding. Everyone was in the right court. Courts may err, even offend against the Constitution, without losing subject-matter jurisdiction.

We do not have a "jurisdictional" problem of the kind that a tribunal must notice even though no party raised the problem. We have at most a mistaken interpretation of a law designating which judicial officer shall preside over which proceedings. "At most" because we do not reach the question *Williams* decided—whether despite *Gomez* the defendant's consent authorizes a magistrate to conduct the *voir dire*. We do not see how consent *could* be effective if, as *Williams* thought, there is a "jurisdictional" problem; litigants' consent cannot alter the court's jurisdiction. But if *Gomez* does not create a "jurisdictional" rule, it may be that the defendant's consent could authorize the judge to designate a magistrate, under 28 U.S.C. § 636(b)(3), to preside over jury selection.

During the selection of the jury in this case, one member of the panel said that he would have trouble deciding the case impartially because he recently purchased merchandise from a firm that the FBI helped to put out of business, leaving the potential juror with an item for which he could not get repairs. He thought that the firm was a "bunch of crooks" and that "there is a parallelism" with the charges against Wey. His counsel exercised a peremptory challenge. Counsel also moved for a mistrial, contending that the remarks "contaminated" the other members of the venire. We do not see how. The juror did not express a view on the merits of the case; indeed, being stranded with merchandise has nothing to do with fraud via forgery. No other juror expressed doubt about ability to decide impartially. Jurors' knowledge that others were partial does not prevent service. The magistrate properly continued the selection; the district judge on *de novo* review denied the motion for a mistrial; these decisions were correct.

AFFIRMED.