897 F.2d 356
 Timothy THOMPSON, Appellant,
v.
Crispus NIX; John Henry; John Emmett; Shift Supervisor
"Unknown"; Team Members--Lawson, Snider &
Spangler; Marty Rung; Rich Barlow;
Officer Schneider; Officer
Burns, Appellees.
 No. 89-1817.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 18, 1990.
Decided March 1, 1990.
 
 Mark C. Feldmann, Des Moines, Iowa, for appellant.
 Susan Achen, Des Moines, Iowa, for appellees.
 Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Timothy Thompson, an Iowa prisoner, appeals from a final order of the District Court dismissing his 42 U.S.C. Sec. 1983 suit following an evidentiary hearing before a magistrate. Thompson alleged in his complaint that Iowa prison officials violated his eighth and fourteenth amendment rights by physically assaulting him on two occasions. Because the magistrate's report and recommendation contained factual errors, we vacate the District Court's order adopting the report, and remand for further proceedings.
 
 
 2
 The District Court referred Thompson's complaint to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) to conduct an evidentiary hearing and to file a report and recommendation as to disposition of the case. The magistrate's report and recommendation contained an extensive review of the evidence presented at the hearing. The magistrate's proposed findings of fact, however, contained references to a smoking incident, the prison yard, and return of the prisoner from a courtroom, facts which were not included in the magistrate's review of the evidence and are unsupported by the evidentiary hearing transcript. It appears that evidence from another case inadvertently was included in the report and recommendation on this case.
 
 
 3
 The magistrate recommended that the complaint be dismissed and allotted the parties fourteen days to object to the report and recommendation. No objections were filed. The District Court accepted the magistrate's report and recommendation and dismissed the complaint.
 
 
 4
 The previously-mentioned discrepancies in the magistrate's proposed findings of fact, adopted by the District Court, constitute plain error. See Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B, 1982) (en banc) (magistrate's findings of fact reviewed for plain error where no objections made). Accordingly, we vacate the District Court's order dismissing the suit and remand with instructions to the District Court to resubmit the case to the magistrate for preparation of a corrected report and recommendation. All parties shall then be allowed ten days, as permitted by 28 U.S.C. Sec. 636(b)(1), to file written objections to the magistrate's corrected report and recommendation, unless an extension for good cause is obtained. If written objections are filed, the District Court shall conduct the required de novo review as to those portions of the magistrate's report and recommendation to which objection is made. Id.; Branch v. Martin, 886 F.2d 1043, 1045-46 (8th Cir.1989).
 
 
 5
 Although we remand this case because of plain error, we reaffirm the rule of this Circuit that a
 
 
 6
 plaintiff has not waived his right to appeal by failing to object when the questions involved are questions of law or mixed questions of law and fact, or when neither the local district court rule nor the magistrate's notice has clearly informed the plaintiff that failure to object to the magistrate's report will result in waiver of the right to appeal.
 
 
 7
 Nash v. Black, 781 F.2d 665, 667 (8th Cir.1986).
 
 
 8
 As a matter of good practice, we strongly suggest that all magistrates henceforth include a clear notice in their reports and recommendations that the parties have ten days after service of a copy of the report and recommendation to file written objections pursuant to 28 U.S.C. Sec. 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). We also remind parties that objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation. See Branch, 886 F.2d at 1045-46.
 
 
 9
 For the reasons set forth, the District Court's dismissal is vacated and the case remanded for proceedings consistent with this opinion.