841 F.Supp. 917 (1992)
MACON COUNTY SAMARITAN MEMORIAL HOSPITAL, Plaintiff,
v.
Louis W. SULLIVAN, M.D., Secretary, Health and Human Services, Defendant.
No. N90-048C.
United States District Court, E.D. Missouri, E.D.
August 4, 1992.
*918 Spencer Fane Britt & Browne, Charles F. Myers, James A. Snyder, Peggy F. Schmitt, Kansas City, MO, for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, MO, Frank V. Smith, III, Chief Counsel, Region VII, Yvonne M. Ernzen, Asst. Regional Counsel, Dept. of Health and Human Services, Kansas City, MO, for defendant.

ORDER
HAMILTON, District Judge.
This matter is before the Court on the cross-motions of the parties for summary judgment on Plaintiff's appeal from an adverse ruling of the Social Security Administration. The matter was referred by the Court to United States Magistrate Judge Catherine D. Perry, who has filed her Report and Recommendation. 28 U.S.C. § 636(b).
After careful consideration,
IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge is SUSTAINED and ADOPTED.
IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED.
IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
PERRY, United States Magistrate Judge.
This is an action under 42 U.S.C. § 1395oo(f) for judicial review of the defendant's final decision denying the plaintiff's application for designation as a sole community hospital pursuant to 42 U.S.C. § 1395ww(d)(5)(C)(ii) and 42 C.F.R. 412.92(a)(3). Both parties have moved for summary judgment and the cause was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Procedural History
Macon County Samaritan Memorial Hospital ("Samaritan") is a forty-eight bed not-for-profit county hospital in Macon, Missouri. It is located twenty-four and one-half miles from Moberly Regional Medical Center in Moberly, Missouri. On July 31, 1989, Samaritan Hospital filed an application for designation as a sole community hospital ("SCH"). The Health Care Financing Administration ("HCFA") denied the application because the presence of Moberly Regional *919 Medical Center within twenty-five miles of Samaritan meant that Samaritan did not meet the regulatory criteria of 42 C.F.R. § 412.92(a)(3). (Pltf. Exh. B). Samaritan requested that the Provider Reimbursement Review Board ("PRRB") acknowledge jurisdiction and grant expedited judicial review on the legality of 42 C.F.R. § 412.92(a)(3). The PRRB determined that it was without authority to determine the validity of the SCH regulation on March 7, 1990. (Pltf. Exh. C). This decision constitutes final agency action; therefore, Samaritan had the authority to seek judicial review under 42 U.S.C. § 1395oo(f). Samaritan filed suit on May 4, 1990, seeking declaratory and injunctive relief invalidating the SCH regulation. Subsequently, both parties filed motions for summary judgment. There is no genuine issue of material fact in this case. Thus, the question before this court is whether the SCH regulation is valid.

Legal Standards
The Medicare Act[1] specifies that judicial review will be conducted under the standards set forth in the Administrative Procedure Act ("APA"). 42 U.S.C. § 1395oo(f). The APA provides that the Court shall set aside agency actions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1992). Furthermore, "[if an] agency regulation is not in conflict with the plain language of the statute, a reviewing court must give deference to the agency's interpretation of the statute." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 292, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1988). Consequently, the Secretary of Health/Human Services' interpretation of the Social Security Act deserves deference and should not be set aside unless it is arbitrary and capricious. See Schweiker v. Gray Panthers, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981) (where Congress has explicitly delegated authority to define statutory terms, the reviewing court is limited to determining if the Secretary exceeded his statutory authority and if the regulation is arbitrary and capricious); Gettler v. Lyng, 857 F.2d 1195, 1198 (8th Cir.1988) (courts may not substitute their judgment for that of the Secretary).

Statutory History
In 1972, pursuant to 42 U.S.C. § 1395hh(a)(1), the Secretary promulgated regulations to exempt "sole community providers" from "reasonable cost" limitations on cost reimbursement for providing care to Medicare beneficiaries. The regulations provided that the limitations on costs were not applicable to providers who were the sole source of care reasonably available to beneficiaries by reason of factors such as isolated location or the absence of other providers of the same type. 42 C.F.R. § 405(f)(4).
In 1983, Congress amended the Medicare Act by establishing a prospective payment system under which providers were to be paid fixed amounts for Medicare patients as determined by diagnostic group classifications. The amendments to the statute included a definition of sole community hospital for the first time. Section 601(d)(5)(C)(ii) of Pub.L. No. 98-21, defined SCH as follows:
For purposes of this subparagraph, the term `sole community hospital' means a hospital that, by reason of factors such as isolated location, weather conditions, travel conditions, or absence of other hospitals (as determined by the Secretary), is the sole source of inpatient hospital services reasonably available to individuals in a geographical area who are entitled to benefits under part A.
42 U.S.C. § 1395ww(d)(5)(C)(ii) (1988). Pursuant to this specific authority and general authority under 42 U.S.C. § 1395hh(a)(1), the Secretary issued regulations further defining SCH at 42 C.F.R. § 412.92. The regulations provide that a hospital which is fifteen to twenty-five miles from other like hospitals may qualify as an SCH if it is located in a rural area and because of local topography or prolonged periods of severe weather other hospitals are inaccessible for a minimum of *920 thirty days in two out of three years. 42 C.F.R. § 412.92(a)(3) (1991).

Discussion
Samaritan contends that 42 C.F.R. § 412.92(a)(3) is arbitrary and capricious in that (1) it ignores factors determined to be relevant in the previous regulatory scheme without providing a reasoned analysis; (2) it ignores the legislative intent and the language of the statute; and (3) it is contrary to the evidence before the Secretary. For these reasons, plaintiff maintains that 42 C.F.R. § 412.9(a)(3) is invalid.
There are five courts which have considered this precise issue. These courts are split and none of the decisions bind this court. Compare Central Oregon Hospital District v. Sullivan, 757 F.Supp. 1134 (D.Or. 1991) (invalidating regulation), and Mary Imogene Bassett Hospital v. Sullivan, [1989 Transfer Binder] Medicare & Medicaid Guide (CCH), ¶ 37,381, at 19,842 (N.D.N.Y.1988) (same), with Clinton Memorial Hospital v. Sullivan, 783 F.Supp. 1429 (D.D.C.1992) (upholding regulation), John Fitzgibbon Memorial Hospital v. Sullivan, Nos. 90-0179, 90-6089, 1991 WL 438315, 1991 U.S.Dist. LEXIS 18,453, slip op. (W.D.Mo. Dec. 11, 1991) (same), and A.O. Fox Memorial Hospital v. Sullivan, et al., [1990 Transfer Binder] Medicare & Medicaid Guide (CCH) ¶ 38,364 at 22,065, 1989 WL 153730 (N.D.N.Y.1989) (same).

1. The Previous Regulatory Scheme Argument

Plaintiff's first argument asserts that the pre-1983 statutory and regulatory scheme required the consideration of unusual local circumstances such as physician admitting practices, in determining whether a hospital would be designated as a SCH. Plaintiff argues that the 1983 amendments were intended to identify these special factors relevant to SCH determinations. Plaintiff relies upon Central Oregon Hospital District v. Sullivan, 757 F.Supp. 1134 (D.Or.1991), where the court concluded that the terms "isolated location" and "absence of other hospitals" revealed Congress' intent to incorporate a broad range of criteria previously considered in some regions of the country. Plaintiff contends that the SCH regulation contained in 42 C.F.R. § 412.92 narrowed, rather than broadened, the range of factors to be considered in SCH designations by eliminating the consideration of admitting practices of area physicians, the actual use of alternative facilities, and the availability of public transportation. Plaintiff therefore argues that this was a change in policy and that when an agency changes its policy it must provide a reasoned analysis for the change. See Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Insurance Company, 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (holding that the National Highway Traffic Safety Commission acted arbitrarily and capriciously in revoking a motor vehicle safety standard without supplying a reasoned analysis).
Defendant disputes plaintiff's characterization of the 1983 amendments and argues that the Secretary was not under any obligation to consider the admitting practices of area physicians, use of alternative facilities, and availability of public transportation because these factors are not listed in the statute. The statute expressly lists the factors Congress intended the Secretary to consider and the list is followed by the phrase "as determined by the Secretary", indicating that the Secretary has the authority to define and apply the enumerated factors. 42 U.S.C. § 1395ww(d)(5)(C)(ii). Defendant contends that the regulation is consistent with Congressional intent, includes all of the listed factors and bears a rational relationship to the statutory purpose.
The undersigned agrees with the defendant. The plain language of the statute grants the Secretary the authority to define SCH: "the term `sole community hospital' means a hospital that, by reason of factors such as isolated location, weather conditions, travel conditions, or absence of other hospitals (as determined by the Secretary) ..." 42 U.S.C. § 1395ww(d)(5)(C)(ii) (1988) (emphasis added). The statute clearly directs the Secretary to consider isolation, weather and travel conditions, or the absence of other hospitals when defining SCH. See A.O. Fox Memorial Hospital v. Sullivan, et al., Medicare *921 & Medicaid Guide (CCH) ¶ 38,364 at 22,068.
If an agency regulation does not conflict with the statutory mandate as it is indicated by the plain language, it deserves deference. K Mart Corp. v. Cartier, Inc., 486 U.S. at 292, 108 S.Ct. at 1818. Here, the regulation considers isolation, weather and travel conditions, topography, and the location of other hospitals. 42 C.F.R. § 412.192(a)(3). Rather than conflicting with the statutory mandate, the regulation unambiguously considers the factors contained in the statute. 42 U.S.C. § 1395ww(d)(5)(C)(ii) (1988). As such, the regulation is valid, and there is no reason for this court to look to the prior statutory and regulatory scheme. Clinton Memorial Hospital v. Sullivan, 783 F.Supp. at 1437-1438; A.O. Fox Memorial Hospital, [1990 Transfer Binder] Medicare & Medicaid Guide (CCH) ¶ 38,364 at 22,068, 1989 WL 153730. Cf. Mary Imogene Bassett Hospital v. Bowen, [1989 Transfer Binder] Medicare & Medicaid Guide (CCH) ¶ 37,831 at 19,849; Central Oregon Hospital District v. Sullivan, 757 F.Supp. 1134, 1140 (D.Or.1991). Furthermore, the Secretary is under no obligation to supply a reasoned analysis for the alleged departure from his prior scheme. The rule requiring such an analysis, as set forth in Motor Vehicle Mfrs. Ass'n v. State Farm, supra, applies only in situations where the underlying statute has not changed. In this case, Congress substantially altered the underlying Medicare reimbursement scheme in 1983 by completely altering the payment system. The amendments defined SCH for the first time and delegated the authority to the Secretary to further define SCH. By overhauling the statute and delegating authority to define statutory terms, Congress in effect limited judicial review to the arbitrary and capricious standard. John Fitzgibbon Memorial Hospital v. Sullivan, 1991 WL 438315 at *6-7, 1991 U.S.Dist. LEXIS 18,453, slip op. at *20.
Even if the Secretary were obliged to supply a reasoned analysis for the consideration of some factors and not others, the Secretary has met that burden. Plaintiff argues that uniformity in criteria is an important goal, but plaintiff believes the primary goal of the statute to be the identification of hospitals serving as the only source of inpatient services. This Court recognizes both objectives and concludes the SCH regulation by its plain language adequately identifies hospitals that are the sole source of reasonably available inpatient services as required by 42 U.S.C. § 1395ww(d)(5)(C)(ii). In fact, the regulation considers the exact factors enumerated by Congress. Further, the regulation is rationally related to the resolution of inconsistencies among HCFA regional offices. The regulation is not arbitrary and capricious for the first reason the plaintiff asserts. John Fitzgibbon Memorial Hospital v. Sullivan, 1991 WL 438315 at 7-8, 1991 U.S.Dist. LEXIS 18,453, slip op. at *24. The Secretary reasoned that the regulation would provide uniform standards for determining SCH status.

2. Legislative Intent

Plaintiff also argues that the regulation is invalid because it ignores the language of the Medicare Act and the legislative intent as indicated in the legislative history. Plaintiff's second argument fails for the same reasons as the first argument. If the regulation is consistent with the plain language of the statute, it is valid. K Mart Corp. v. Cartier, Inc., 486 U.S. at 292, 108 S.Ct. at 1818. In such cases there is no need to examine the legislative history. Plaintiff contends that the list of factors contained in 42 U.S.C. § 1395ww(d)(5)(C)(ii) (1983) is not exhaustive. Plaintiff relies on the use of the language "by reason of factors such as", arguing that this language indicates that Congress intended the Secretary to consider additional factors. Plaintiff directs the court to the legislative history of the 1983 Medicare Act amendments, maintaining that such review is necessitated by the ambiguity of phrases such as "isolated location" and "absence of other hospitals." Plaintiff argues that these terms are ambiguous because they were also used in the prior regulation. The undersigned disagrees. Here, Congress expressly delegated to the Secretary both the authority to define SCH by determining the meaning of terms like "isolated location" and "absence of other hospitals," and the authority to determine whether to consider other *922 factors. The statute is not ambiguous. The Secretary complied with the plain language of the statute by considering isolated location, weather conditions, topography, and the location of other hospitals. Thus, the Secretary's action is not invalid for failure to consider the language of the statute or for failure to consider congressional intent. Clinton Memorial Hospital v. Sullivan, 783 F.Supp. at 1437; John Fitzgibbon Memorial Hospital v. Sullivan, 1991 WL 438315 at *9, 1991 U.S.Dist. LEXIS 18,453, slip op. at *29; A.O. Fox Memorial Hospital v. Sullivan, Medicare & Medicaid Guide (CCH) ¶ 38,364 at 22,068.

3. Evidence Before the Secretary

Finally, plaintiff argues that the SCH regulation is contrary to the evidence before the Secretary and therefore invalid. Plaintiff relies upon a study by the Prospective Payment Assessment Commission (ProPAC), which found that the SCH regulation would restrict the number of hospitals receiving SCH designation. (Pltf.App. at 52-63). There is no evidence to suggest that the Secretary failed to consider an important aspect of the problem making it an arbitrary and capricious decision under Motor Vehicle Mfrs. Ass'n, supra. Rather, the Secretary considered the enumerated factors and asserted an intent to create uniform standards for identifying sole community hospitals. The regulation should not be overturned simply because the Secretary chose to give greater weight to Congress' expressed intent to establish a single set of uniform criteria than to the ProPAC study. The rulemaking record contains substantial information which suggests that inconsistency among regional HCFAs was a concern. The Secretary believed that the regulation would resolve inconsistencies between HCFA regional offices by providing a single set of objective criteria for SCH designation. 49 Fed.Reg. 271 (January 3, 1984). Plaintiff's third argument thus fails for the same reason as the first two. The evidence shows that the Secretary adequately considered the factors listed by Congress when drafting the SCH regulation and the SCH regulation is not arbitrary and capricious for failure to consider important evidence. Clinton Memorial Hospital v. Sullivan, 783 F.Supp. at 1438; John Fitzgibbon Memorial Hospital v. Sullivan, 1991 WL 438315 at *9-10, 1991 U.S.Dist. LEXIS 18,453, slip op. at *31.

RECOMMENDATION
IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment be denied.
IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment be granted.
The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).
Dated this 1st day of April, 1992.
NOTES
[1] The provisions of the Social Security Act which pertain to Medicare will be referred to as "the Medicare Act."