**Henry Francis ENRIQUEZ, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 91–1704 C (2).

United States District Court, E.D. Missouri, E.D.

March 22, 1993.

Henry Francis Enriquez, pro se.

Raymond Gruender, Asst. U.S. Atty., St. Louis, MO, for respondent.

### MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on the motions of Henry Francis Enriquez to show cause, for summary judgment, and "for the Court to Re–Examine hair samples via D.N.A. profiling analysis under Rules 34(C) and 45(B) of the Federal Rules of Criminal Procedure" ("motion to re-examine").

The matter was referred to United States Magistrate Judge Lewis M. Blanton,[1] who has filed his Order and Recommendation addressing these and certain other motions.[2] 28 U.S.C. § 636(b). Movant has filed a response thereto, which challenges the magistrate judge's denial of the motion to re-examine and objects to the magistrate judge's recommended disposition of movant's original and addendum motions to show cause. Movant does not object to the magistrate judge's disposition of or recommendations regarding the other pending motions of movant.

---

1. The Court originally referred this case to then United States Magistrate Judge Carol E. Jackson for appropriate disposition. *See* order dated October 25, 1991. After Judge Jackson was appointed as a district judge, this case was referred to Judge Blanton. *See* order dated October 8, 1992.

2. Judge Blanton's ruling is captioned "Order" although it contains both dispositive rulings and recommended rulings. Under the circumstances, this Court will refer to the ruling as an "Order and Recommendation."

The Order and Recommendation does not address the motion to vacate, set aside, or correct sentence filed by Henry F. Enriquez pursuant to 28 U.S.C. § 2255. That motion remains pending at this time.

After careful consideration of this matter and having made a de novo determination,

IT IS HEREBY ORDERED that the Order and Recommendation of the United States magistrate judge is SUSTAINED AND ADOPTED.

IT IS FURTHER ORDERED that movant's original and addendum motions to show cause are DENIED.

IT IS FURTHER ORDERED that movant's motion for summary judgment is DENIED.

All other rulings of the magistrate judge set forth in the December 4, 1992, Order and Recommendation remain in full force and effect. The case remains referred to Judge Blanton for appropriate disposition.

## ORDER

BLANTON, United States Magistrate Judge.

On November 5, 1992, this court entered an order sustaining petitioner's Motion to Subpoena Documentary Evidence, which permitted petitioner to file a request for production under Rule 34 seeking documentary evidence concerning hair samples taken from the clothing allegedly worn by the petitioner during the kidnapping of Mrs. Barbara Dontrich and the robbery of the State Bank of De Soto, Missouri. Subsequent to the order the petitioner filed his Request for Test Analysis under Rule 34. The government filed its response to the petitioner's motion to subpoena documentary evidence attaching a laboratory report of the Federal Bureau of Investigation concerning said hair samples.

Previously, the petitioner had filed his Motion for the Court to Re-examine Hair Samples Via DNA Profiling Analysis. In its order of November 5, 1992, the court deferred a ruling on this motion until the report concerning the results of earlier tests on the hair samples was received. The court also issued an Order to Show Cause directed to the government why various pending motions including the motion for DNA testing should not be granted. The government has filed its response to the order to show cause and the petitioner has filed Petitioner's Response to Governments DNA Opposition and Answer to Summary Judgment on Jurisdiction

Motion. The various pending motions, apart from the principal petition for habeas corpus, will be taken up one by one.

### Motion for the Court to Re-examine Hair Samples Via DNA Profiling Analysis

The government opposes petitioner's motion.

■ This court does not see what will be accomplished by requiring the government to perform a DNA analysis on the hair samples taken from the clothing allegedly worn by the petitioner. The FBI report already produced indicates that the one brown head hair found on Q9 (coat) was of Caucasian origin and the one brown head hair fragment found on Q11 (shirt) was also of Caucasian origin (which is different from petitioner's hair). This evidence was provided to the defendant prior to trial (Government's Response to Petitioner Enriquez's Motion to Subpoena Documentary Evidence, paragraph 2) and is not new evidence. The government is not claiming that the two hairs found on the clothing were the petitioner's. There is no issue on this question. Performing DNA testing would only confirm what has already been admitted by the government. Such DNA testing would be merely cumulative of the hair analysis in both the government's and defendant's possession prior to trial. Of course, the fact that these two hairs were not the petitioner's does not mean that the petitioner did not wear the clothing. Possible sources for the hair are almost limitless. The clothing, a jacket, a pair of pants and a shirt, were found outside, tucked in behind an area of the septic tank system of a business located at Herculaneum, Missouri, between the tank and the building. In a pocket of the jacket were found a hair piece and a bottle of glue. Herculaneum is 20 to 30 miles from the De Soto area. The person who found the hair piece thought it was a fake beard. (T. IV, 11 to 18) The hair samples in question could have been part of the hair piece used as a beard. The clothing worn by the robber and kidnapper could have been stolen and the hair come from the former owner or the property could have come from a used clothing store. The mere fact that hair found on clothing is not that of

the petitioner does not prove that the petitioner did not commit the crimes of which he was convicted.

As noted, such evidence would be merely cumulative of a fact which is not an issue and was not an issue at the trial, namely, that the two strands of hair found on the clothing did not belong to the petitioner. Also, as noted, the results of the tests conducted by the FBI were available to and given to the petitioner's attorney and any decision to use or not use the results of the test would have been a matter of strategy and not cognizable in a habeas corpus petition.

Petitioner's motion that the hair be re-examined under DNA profiling analysis will be denied.

### Demand to Show Cause

■ Petitioner states in his brief filed with the motion for summary judgment that on May 14, 1992, he mailed to the court a Motion to Show Cause [Pursuant to "Full Proof" of Jurisdiction]. The file shows no such pleading has been received by the court. However, in connection with petitioner's motion for summary judgment he attaches as Exhibit 2 a copy of a document titled Demand to Show Cause [Pursuant to "full proof" of Jurisdiction.] In his letter of May 26, 1992 to the Clerk of the Court, petitioner inquired whether his "Motion to Show Cause" mailed May 13, 1992, arrived in the Clerk's office. In the same letter the petitioner indicated that he had been having trouble getting his mail out. The file does not reflect any reply to petitioner's letter of May 26, 1992. Since the Demand to Show Cause is before the court as an exhibit to the motion for summary judgment and since the government apparently received a copy of the pleading (see page 1 of Government's Response to Show Cause Order of November 5, 1992), this court will proceed to consider the Demand to Show Cause. This pleading sets out petitioner's reasoning that the federal court had no jurisdiction to try him for the kidnapping and bank robbery of which he was convicted because he was not a resident of the District of Columbia nor did the crimes occur on a reservation or other territory owned by the United States.

This challenge appears to result from a misunderstanding of the dual system of courts existing in the United States, namely, a state court system and a federal court system. The petitioner could have been charged in state court with kidnapping, assault and armed robbery, but because the deposits of the State Bank of De Soto were insured by the Federal Deposit Insurance Corporation, a federal agency, the actions of the robbers and kidnappers were in violation of §§ 2113(a), (d) and (e), Title 18 United States Code. The fact that the petitioner could have been tried in either state court or federal court does not mean that he was improperly tried in federal court. Pursuant to the United States Constitution Article III, § 2, Clause 1, federal courts have jurisdiction in cases arising under the Constitution and laws of the United States. The district courts have jurisdiction of offenses against the laws of the United States. Section 3231 of Title 18 United States Code.

Petitioner's Demand to Show Cause Pursuant to "Full Proof" of Jurisdiction, really a motion to dismiss for lack of jurisdiction, should be denied.

### Addendum to Demand to Show Cause

■ The gist of this motion is an attack on the jurisdiction of the court in that the petitioner states that the victim of the crimes in this matter "was the Bank of Desoto and the Hartford Insurance Company, not the United States or one of its Agencies." Petitioner appears to misunderstand the function of a government in the prosecution of crime. Seldom is the government the actual victim of crime, whether on the local level, state level or federal level. One of the functions of government is to protect its citizens and to prosecute crimes against those citizens. If a person commits a burglary against a business, the business does not prosecute the crime. For example, in the Missouri state system, the county prosecutor, representing the State of Missouri, in a case captioned The State of Missouri v. __ (defendant) prosecutes the crime. Likewise, when a crime is committed in violation of a federal statute, the federal government prosecutes it.

Petitioner's Addendum to Demand to Show Cause as part of his Demand to Show Cause, which, in reality, is a motion to dismiss for lack of jurisdiction, should be denied.

### Motion for Summary Judgment

Petitioner has filed a Motion for Summary Judgment. The basis of petitioner's motion seems to be that the government has failed to respond to petitioner's motions filed after October 18, 1991, and, thus, petitioner claims that he is entitled to summary judgment on his habeas corpus petition by virtue of Rule 81(a)(2) of the Federal Rules of Civil Procedure.

■ Rule 81(a)(2) specifically states that in a case brought under 28 U.S.C. § 2254, the respondent shall have 40 days to file a response to the order to show cause. The government filed its response to the order to show cause by Judge Edward L. Filippine within twenty days of the order, less time than is provided for under Rule 81(a)(2) but in compliance with Judge Filippine's order. The government's response was filed before October 18, 1991. That is the principal motion in this matter and is still pending.

Petitioner claims that because the government did not file responses to his motion to subpoena documentary evidence, to his "Motion to Show Cause" and to his Addendum to Motion to Show Cause, that again on the basis of Rule 81(a)(2) that he should be granted summary judgment. The 3-day limit set out in Rule 81(a)(2) does not apply to the individual motions filed in a proceeding but really applies to situations where a person is being detained allegedly illegally apart from a conviction. In any event, petitioner's motion to subpoena documentary evidence has been granted and that matter is moot. The government's original failure to reply to the motion is understandable. The proper motion should have been a request to the court to file a request for production under Rule 34 of the Rules of Civil Procedure. At any rate, this has been done. The information has been produced and the matter is moot.

As an additional reason for not responding to petitioner's motion to show cause and addendum, the government states that it does not believe such a motion is provided for under the rules applicable to § 2255 proceedings and so it did not respond. A demand or order to show cause is not a pleading provided for the use of the parties by the federal rules of procedure.

Petitioner's Motion for Summary Judgment is not a motion for summary judgment in the usual sense. It is really a request that judgment be granted because of the government's alleged failure to respond to the motions filed by the petitioner. Petitioner's Motion for Summary Judgment should be denied.

### Motion for Appeal Bond

■ Petitioner has filed a Motion for Appeal Bond requesting to be released pursuant to § 3143(b). As the Assistant United States Attorney points out, § 3143(b) of Title 18 is applicable when the prisoner's case is on appeal either to a circuit court or the United States Supreme Court, which is not the situation involving petitioner's case. In addition, as the government points out, § 3143(b)(2) requires that a prisoner convicted of a violent crime be detained regardless of whether an appeal to the circuit court or to the Supreme Court has been filed. Petitioner's Motion for Appeal Bond should be denied.

### Motion for Evidentiary Hearing

Finally, the petitioner has requested an evidentiary hearing. The court sees no need for such a hearing at this time and, therefore, the Motion for Evidentiary Hearing will be denied.

IT IS HEREBY ORDERED that Petitioner's Motion for the Court to Re-examine Hair Samples Via DNA Profiling Analysis be denied.

IT IS HEREBY RECOMMENDED that the Demand to Show Cause and the Addendum to said motion which the court construes as a motion to dismiss for lack of jurisdiction, be denied.

IT IS FURTHER RECOMMENDED that the Petitioner's Motion for Summary Judgment be denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appeal Bond be denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir.1990).

Dated this 4th day of December, 1992.