MARK W. BENNETT, U.S. DISTRICT COURT JUDGE
TABLE OF CONTENTS
I. INTRODUCTION ... 1014 *1014 II. LEGAL ANALYSIS ... 1015
A. Standard Of Review ... 1015
B. Analysis ... 1016
1. The applicable standards of review ...1016
2. "Mandatory" vs. "discretionary" stays ... 1016
3. Is a "mandatory" or "discretionary" stay appropriate? ... 1017
4. Consideration of relevant factors for a stay ... 1017
III. CONCLUSION ... 1019
This case, removed to this federal court on the basis of diversity jurisdiction, arises from the death of the plaintiff's father in a care facility for the elderly operated by the defendant. The plaintiff is the executor of his father's estate, and he has brought this suit in his capacity as the executor and as an individual. On behalf of the estate, the plaintiff seeks damages on claims that the defendant negligently, recklessly, and wrongfully caused his father's death, breached the contract regarding his care, and engaged in dependent adult abuse. In his individual claim, the plaintiff seeks damages for loss of parental consortium. The question now before me is whether to stay all proceedings pending arbitration of the estate's claims or to deny a stay as to the plaintiff's individual claim.
I. INTRODUCTION
This case is before me on Chief United States Magistrate Judge C.J. Williams's March 12, 2018, Report And Recommendation Regarding Defendant's Motion To Compel Arbitration And Stay Proceedings. In his Report And Recommendation, Judge Williams recommends that I grant in part and deny in part defendant's February 12, 2018, Motion To Compel Arbitration And Stay Proceedings. Specifically, Judge Williams recommends that I compel plaintiff Eric Anderson to arbitrate his father's estate's claims, but not his individual claim for loss of parental consortium, and that I stay all proceedings pending arbitration of the estate's claims. On March 26, 2018, Anderson filed his Objection To The Magistrate's Report And Recommendation, in which he objected only to the stay of his loss of parental consortium claim pending arbitration of the estate's claims.
In the part of his Report And Recommendation considering whether the court should stay all proceedings, Judge Williams stated the following:
Section three of the Federal Arbitration Act ("FAA") empowers federal courts to stay proceedings of issues referable to arbitration. 9 U.S.C. § 3. If a court determines that a claim falls within the scope of a valid arbitration agreement, under sections three and four of the FAA, the court may stay proceedings and compel the parties to submit their dispute to arbitration. Lyster v. Ryan's Family Steak Houses, Inc. , 239 F.3d 943, 945 (8th Cir. 2001). Here, there is no indication that plaintiff will be prejudiced by staying proceedings pending arbitration of the estate's claims. Plaintiff only refers obliquely and vaguely to "logistical issues" that would arise. (Doc. 5, at 4). This case is very young, the parties have conducted little, if any, discovery, and they have not litigated any substantial issues in federal court. I find that it is in the interest of the parties and judicial efficiency to stay all proceedings pending the outcome of arbitration. See Hoffman v. Cargill, Inc. , 968 F.Supp. 465, 477 (N.D. Iowa 1997) (staying all claims pending arbitration of some of the claims).
Report And Recommendation, 9.
Anderson objects to this part of the Report And Recommendation, because he contends that his individual claim is entirely separate from the estate's claims and *1015 that none of the pertinent factors warrant a stay depriving him of his constitutional right to a prompt jury trial on his claim. He argues that there is no evidence that any finding of the arbiters on the estate's claims would have any binding effect on his loss of parental consortium claim, so that there is no savings of judicial resources from staying his claim. He also argues that the risk of inconsistent rulings does not warrant a stay, while the denial of justice resulting from a delay of a jury trial on his claim, which is his constitutional right, outweighs any reason for a stay. He distinguishes Hoffman , on which Judge Williams relied, on the ground that, while Hoffman involved arbitrable and non-arbitrable claims by the same plaintiff, here, he is an entirely separate party from the estate.
II. LEGAL ANALYSIS
A. Standard Of Review
The applicable statute expressly provides for de novo review by a district judge of a magistrate judge's report and recommendation when objections are made , as follows:
A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
28 U.S.C. § 636(b)(1) (2006) (emphasis added); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." Thomas v. Arn , 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). In other words, the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation. In most cases, to trigger de novo review, "objections must be timely and specific." Thompson v. Nix , 897 F.2d 356, 358-59 (8th Cir. 1990). The statutory standard does not preclude de novo review by the district court in other circumstances, however. Rather, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." Id.[1]
In the absence of an objection , the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." Thomas , 474 U.S. at 150, 106 S.Ct. 466 ; see also Peretz v. United States , 501 U.S. 923, 939, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (stating that § 636(b)(1)"provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added) );
*1016 United States v. Ewing , 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. See Grinder v. Gammon , 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); Taylor v. Farrier , 910 F.2d 518, 520 (8th Cir. 1990) (noting that the Advisory Committee's Note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").
B. Analysis
1. The applicable standards of review
In this case, no party has timely objected to Judge Williams's recommendation that I compel Anderson to arbitrate the estate's claims, so that recommendation is subject only to "clear error" review. See Grinder , 73 F.3d at 795. Because I find no such "clear error," I will adopt that part of Judge Williams's report and recommendation. Because Anderson has objected to Judge Williams's recommendation that I stay his loss of parental consortium claim, along with the estate's claims, pending arbitration of the estate's claims, and I find his objections "timely and specific," Thompson , 897 F.2d at 358-59, I must review that part of the Report And Recommendation de novo. Thomas , 474 U.S. at 154, 106 S.Ct. 466 ; 28 U.S.C. § 636(b)(1) ; FED. R. CIV. P. 72(b) ; N.D. IA. L.R. 72, 72.1. If I were applying only a "clear error" standard of review, I might have adopted Judge Williams's recommendation to stay all claims pending arbitration. I reject that recommendation, however, under the applicable de novo standard.
2. "Mandatory" vs. "discretionary" stays
I begin with the standards for staying non-arbitrable claims pending arbitration of arbitrable claims. Judge Williams relied on 9 U.S.C. § 3 and my decision in Hoffman as authority for staying all claims in this case. Section 3 provides for a mandatory stay when the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration." 9 U.S.C. § 3.[2] The Eighth Circuit Court of Appeals has explained that there is a difference between the standards for a "mandatory" stay and a "discretionary" stay, however:
The question on the mandatory stay is whether the issues in this case are "referable to" arbitration. 9 U.S.C. § 3. To evaluate a discretionary stay pending arbitration, courts weigh three factors: (1) the risk of inconsistent rulings; (2) the extent to which the parties will be bound by the arbiters' decision; and (3) the prejudice that may result from delays. AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. , 242 F.3d 777, 783 (8th Cir. 2001).
*1017 Reid v. Doe Run Res. Corp. , 701 F.3d 840, 845 (8th Cir. 2012) (emphasis added); AgGrow Oils Co., L.L.C. v. National Union Fire Ins. Co. of Pittsburgh, Pa. , 242 F.3d 777, 783 (8th Cir. 2001) ("In a complex, multi-party dispute of this type, issues such as the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays must be weighed in determining whether to grant a discretionary stay, and in fashioning the precise contours of any stay.").
3. Is a "mandatory" or "discretionary" stay appropriate?
Because Judge Williams concluded that Anderson's loss of parental consortium claim was not "referable to arbitration," where there was no agreement to arbitration of that claim, it follows that § 3 provides no authority for the stay of that claim. See 9 U.S.C. § 3 ; Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co. , 634 F.3d 466, 470 (8th Cir. 2011) (holding that, because the arbitration clause of a contract with one party did not bind another party, any stay of the other party's claim "is discretionary"). This case is distinguishable from Hoffman , because I concluded that all the claims in Hoffman were arbitrable, notwithstanding the plaintiff's contentions that his misrepresentation and negligence claims were not arbitrable. 968 F.Supp. at 477 ; see also id. at 470 (noting that the plaintiff contended that his misrepresentation and negligence claims were not arbitrable, while the defendant argued that all claims were arbitrable, but even if some were not, those claims should also be stayed pending arbitration of the arbitrable claims).
Here, whether to stay Anderson's loss of parental consortium claim is a discretionary matter that requires consideration of the factors set out in Reid and AgGrow Oils. This is not, by any means, a "complex" dispute, it is "multi-party" only to the extent that there are two plaintiffs, and it is not a case involving various disputes among or involving several parties, as in AgGrow Oils. Nevertheless, the court in Reid did not expressly limit the consideration of the factors in AgGrow Oils to any precise situation other than whether to impose a discretionary stay.
Consequently, I turn to consideration of the Reid / AgGrow Oils factors to determine whether to impose a discretionary stay on Anderson's individual claim of loss of parental consortium.
4. Consideration of relevant factors for a stay
As to the first Reid / AgGrow Oils factor, the Eighth Circuit Courts of Appeals has explained, "A district court may enter a stay pending arbitration to ensure consistency." Simmons Foods, Inc. , 634 F.3d at 470. Thus, "[e]ven when a claim or issue is not subject to an agreement to arbitrate, 'the district court has discretion to stay third party litigation that involves common questions of fact that are within the scope of the arbitration agreement.' " U.S. for use of Lighting & Power Servs., Inc. v. Interface Const. Corp. , 553 F.3d 1150, 1156 n. 5 (8th Cir. 2009) (quoting AgGrow Oils , 242 F.3d at 782 ). Here, even where there are common questions of fact between the estate's claims and Anderson's loss of parental consortium claim, this is not a case in which either the defendant or the estate obtained any commitment from Anderson to arbitrate any related claims he might have or to abide by the arbiters' findings on factual issues. I do not believe that the risk of inconsistent factual or even legal rulings between the arbiters and the court, where the arbiters will address the estate's claims against the defendant, and the court will address Anderson's claims against the defendant, weighs in favor of a stay that *1018 would delay the exercise of Anderson's constitutional right to a jury determination of his claims. As to the second Reid / AgGrow Oils factor, even if there is a possibility of inconsistent rulings, there is no indication that Anderson would be bound in any way by those rulings in a jury trial of his claims after a stay was lifted. Reid , 701 F.3d at 845 (identifying the second relevant factor as "the extent to which the parties will be bound by the arbiters' decision"); AgGrow Oils , 242 F.3d at 783 (same).
Of the Reid / AgGrow Oils factors, Judge Williams explicitly considered only "the prejudice that may result from delays." Reid , 701 F.3d at 845. I am sympathetic to Judge Williams's reasonable conclusion that this factor weighs in favor of a stay, because this case is very young, the parties have conducted little, if any, discovery, and they have not litigated any substantial issues in federal court. Even so, on de novo review, I reach a different conclusion, one that I find more reasonable and that appropriately honors the purpose behind the Seventh Amendment's right to a civil jury trial. I find that Anderson will be prejudiced by a delay in his ability to pursue discovery of his claim under the Federal Rules of Civil Procedure and, even more so, by a delay in the presentation of his claim to a jury, as is his constitutional right, where the arbitration has no binding effect on his claim. As the Supreme Court and the Eighth Circuit Court of Appeals have emphasized, " 'we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation.' " AgGrow Oils , 242 F.3d at 783 (quoting Dean Witter Reynolds, Inc. v. Byrd , 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ). Thus, "piecemeal" litigation of the estate's and Anderson's individual claims does not, by itself, constitute prejudice to the defendant that would offset the prejudice to Anderson of delaying a jury's determination of his claim.
I acknowledge that "[t]here is [a] strong policy favoring arbitration, and [that] doubts are resolved in favor of arbitration." Reid , 701 F.3d at 845 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. , 473 U.S. 614, 638-39, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ). That policy obtains, however, only where a party has agreed to arbitration: "As arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " U.S. for use of Lighting & Power Servs., Inc. , 553 F.3d at 1153 (quoting AT & T Techs., Inc. v. Communications Workers of Am. , 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) ). Similarly, although the policy favoring arbitration may support the defendant's desire to have overlapping matters resolved in arbitration in the first instance, it does not translate into a policy favoring a stay of all claims in this case, because it cannot trump Anderson's right to a prompt jury determination of his claim.
The United States Constitution provides, in the Seventh Amendment, that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. More than eighty years ago, the Supreme Court cautioned, "Maintenance of the jury as a fact-finding body [in civil cases] is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt , 293 U.S. 474, 486, 55 S.Ct. 296, 79 L.Ed. 603 (1935). The virtues of a jury trial, in civil and criminal cases, include injection of community values into legal proceedings, protection of citizens against the potential bias and power of appointed judges (and I might add, *1019 other selected adjudicators, such as arbiters), and lending respect and legitimacy to the rule of law. Hon. Antoinette Plogstedt, E-Jurors: A View From The Bench , 61 CLEV. ST. L. REV. 597, 601 (2013). Indeed, "The importance of a truly impartial jury, whether the action is civil or criminal, has never really been questioned in this country." United States v. Bear Runner , 502 F.2d 908, 911 (8th Cir. 1974) (citing MimaQueen and Child v. Hepburn , 11 U.S. (7 Cranch) 290, 3 L.Ed. 348 (1812) (Marshall, C.J.) ). As my colleague, Judge William Young, from the District of Massachusetts, has written, "The most stunning and successful experiment in direct popular sovereignty in all history is the American jury."[3] In this case, rejecting a discretionary stay on Anderson's claims, pending arbitration of the estate's claims, properly honors Anderson's Seventh Amendment right to a jury trial on his claim without prejudicing the defendant's contractual right to resolution of the estate's claims by arbitration.
In short, I do not find a discretionary stay of Anderson's loss of parental consortium claim to be appropriate in the circumstances of this case.
III. CONCLUSION
Upon the foregoing, I conclude as follows:
1. As to Judge Williams's March 12, 2018, Report And Recommendation Regarding Defendant's Motion To Compel Arbitration And Stay Proceedings (docket no. 9),
a. I adopt that part of the Report And Recommendation recommending that I compel Anderson to arbitrate the estate's claims; but
b. I reject and modify that part of the Report And Recommendation recommending that I stay all proceedings pending arbitration of the estate's claims, because I conclude that a discretionary stay of Anderson's individual claim is inappropriate.
2. Consequently, the defendant's February 12, 2018, Motion To Compel Arbitration And Stay Proceedings (docket no. 4) is granted in part and denied in part , as follows:
a. The defendant's Motion is granted to the extent that Anderson is compelled to arbitrate the estate's claims, and proceedings in this court on those claims are stayed , but
b. The defendant's Motion is denied as to a stay of Anderson's loss of parental consortium claim.
IT IS SO ORDERED .

Also, when objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, " 'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.' " United States v. Azure , 539 F.3d 904, 910 (8th Cir. 2008) (quoting Jones v. Pillow , 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting Branch v. Martin , 886 F.2d 1043, 1046 (8th Cir. 1989) ). In this case, however, Judge Williams did not hold a hearing or oral arguments on the Defendant's Motion To Compel Arbitration And Stay Proceedings, so like Judge Williams, I will base my review on the parties' written submissions and Judge Williams's written ruling.

That provision provides, as follows:
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
9 U.S.C. § 3 (emphasis added).

William Young, Vanishing Trials, Vanishing Juries, Vanishing Constitution , 40 Suffolk U.L. Rev. 67,69 (2006).