**Kevin Bruce MORRISON, Petitioner–Appellant,**

v.

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents–Appellees.**

**No. 89–2983.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1991.

Decided April 11, 1991.

Helena Ledic (Law Student), argued, Allen E. Shoenberger, Loyola Law School, Chicago, Ill., for petitioner-appellant.

Ronald J. Semler, Asst. Atty. Gen., Federal Litigation, Indianapolis, Ind., for respondent-appellee.

Before BAUER, Chief Judge, WOOD, Jr., Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Kevin Morrison ("Morrison") appeals from the District Court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Morrison was convicted in Indiana state court of aiding an attempted robbery which resulted in serious bodily injury. He was sentenced to 30 years. The state court may have erred by admitting as evidence the confession of Morrison's nontestifying codefendant. Any error was harmless beyond a reasonable doubt, however, in light of Morrison's own statements upon arrest and at trial. We affirm.

### Discussion

Our discussion closely follows the analysis of the experienced District Court judge who heard Morrison's petition. Morrison stood trial in state court with one Mark Douglas. At trial, the state used as evidence against both Morrison and Douglas a confession that Douglas had previously made. This confession contained repeated references to Morrison,[1] who was unable to cross-examine Douglas because Douglas invoked his Fifth Amendment right against self-incrimination. Morrison argues that use of this statement against him violated his right to confront the witnesses against him under the Sixth Amendment.

This argument is correct if Douglas' confession was not directly admissible against Morrison. A defendant's confession must be redacted to eliminate references to a codefendant to be used at a joint trial where the confession is not directly admissible against the codefendant. *See Richardson v. Marsh*, 481 U.S. 200, 207–9, 107 S.Ct. 1702, 1707–08, 95 L.Ed.2d 176 (1987). Assuming that Douglas' confession was not directly admissible against Morrison,[2] Morrison still is not entitled to relief if the state court's error was harmless beyond a reasonable doubt. *See Cruz v. New York*, 481 U.S. 186, 194, 107 S.Ct. 1714, 1719–20, 95 L.Ed.2d 162 (1987); *Hanrahan*

---

1. As used at trial, the confession referred to Morrison 20 times by name and additional times as "he" and "him". These occurrences are in contexts that clearly incriminate Morrison in the crime.

2. The merits of this assumption are debatable. The confrontation clause serves a "truth-finding function" by "ensuring that convictions will not be based on the charges of unseen and unknown—and hence unchallengeable—individuals." *Lee v. Illinois*, 476 U.S. 530, 540, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986). Douglas' confession raises confrontation issues because, as to Morrison, it is hearsay. In general, the use of hearsay evidence at trial is consistent with the purposes of the confrontation clause only if (1) the declarant is unavailable to testify and (2) the evidence has adequate indicia of reliability. *Idaho v. Wright*, ___ U.S. ___, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990); *Ohio*

*v. Greer*, 896 F.2d 241, 243 (7th Cir.1990). Morrison concedes that several people he knows attempted the armed robbery at issue, seriously injuring one victim with a shotgun blast. The only question is Morrison's role in the crime.

Morrison's own statements answer this question. His role included choosing the victims, who were parents of one of his friends. As Morrison stated, "[T]he question was asked ... did I know of any place I would like to burglarize to get the guns and nice things, like that. And I said I know of one place like that," a place that belonged to "a friend of mine's father." Morrison's Statement to Police, p. 1, Trial Transcript, p. 394. Morrison admits that he called one of the eventual attackers to find out if he wanted to participate; approved the participation of another of the attackers; and helped arrange transportation for the crime. Trial Transcript, pp. 398, 399, 401; Morrison's Statement to Police, p. 1. Morrison further admits providing the meeting place for the attackers at his home; telling the attackers the location of the guns that they hoped to steal; and

leading the attackers, one of whom was carrying a shotgun, to the victim's house as they talked about how they would divide their intended spoils. Trial Transcript pp. 375, 379, 398, 409.

One would-be attacker backed out and suggested that Morrison do the same. Morrison refused: "I had told him I was scared too, ... and he said, 'Let's go.' And I said, *'No, I'm going to show them where the house was.* He can wait down the block.'" Trial Transcript, p. 408 (emphasis added). Morrison fled the scene when he heard shots fired, and then met the attackers back at his house. *Id.*, pp. 412, 413. In retrospect, Morrison admits, "I know very much that if I wouldn't have shown where [the victim] lived, he wouldn't have been injured. And I understand I did the wrong thing." *Id.*, p. 416.

Beyond doubt, Morrison's statements show that he aided (indeed made possible) the attack on the home of his friend's parents. This conclusion means that his conviction was proper. *See* Ind.Code Ann. § 35–41–2–4 (1986) ("A person who knowingly or intentionally aids ... another per-

---

*v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980).

Unavailability at trial includes a declarant's refusal to testify on the basis of the Fifth Amendment, as in the present case. *See California v. Green,* 399 U.S. 149, 168, 90 S.Ct. 1930, 1940, 26 L.Ed.2d 489 (1970); Fed.R.Evid. 804(a)(1). Evidence has a presumption of reliability if it comes within a "firmly rooted hearsay exception." *Ohio v. Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539. Douglas' confession does not come within such an exception. Although the confession is a statement against penal interest, *see* Fed.R.Evid. 804(b)(3), this particular hearsay exception "defines too large a class [of statements] for meaningful Confrontation Clause analysis." *Lee v. Illinois,* 476 U.S. at 544 n. 5, 106 S.Ct. at 2064 n. 5. So too, Douglas' confession is not against his interest to the extent that it casts blame on Morrison. *See, e.g., United States v. Vernor,* 902 F.2d 1182, 1187 (5th Cir.) (finding that portions of a confession that were self-incriminating came within Fed.R.Evid. 804(b)(3) but not those that inculpated a codefendant), *cert. denied,* —— U.S. ——, 111 S.Ct. 301, 112 L.Ed.2d 254 (1990); *Fuson v. Jago,* 773 F.2d 55, 60 (6th Cir.1985) (same finding under a state rule of evidence that is analogous to the federal rule), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3334, 92 L.Ed.2d 739 (1986).

Because the statements at issue do not come within an established hearsay exception, they

are "presumptively unreliable." *Lee v. Illinois,* 476 U.S. at 543, 106 S.Ct. at 2063. Further, custodial confessions "have traditionally been viewed with special suspicion." *Id.* at 541, 106 S.Ct. at 2062. To rebut this presumption, the state must show "particularized guarantees of trustworthiness" so that "the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Idaho v. Wright,* —— U.S. at ——, 110 S.Ct. at 3148–49. The circumstances that go into this analysis " 'are those that existed at the time the [hearsay] statement was made and do not include those that may be added by using hindsight.'" *Id.*, 110 S.Ct. at 3149, *quoting Huff v. White Motor Corp.,* 609 F.2d 286, 292 (7th Cir.1979).

In the present case, one factor strongly suggests that Douglas' confession is reliable—Douglas identified himself as the triggerman at the time of his confession so it is hard to see what motive he could have had in lying about Morrison's role. Whether this factor is enough to overcome the "special suspicion" that accompanies custodial confessions is a close call. (The record does not disclose any findings by the state trial court on point, and, in any event, we would defer to such findings only to the extent that they were based on evidence that we cannot evaluate equally well from the record). Resolution of this question of reliability is unnecessary due to our harmless error analysis.

son to commit an offense commits that offense"); *Hopper v. Indiana,* 539 N.E.2d 944, 947 (Ind.1989) (holding that, under this statute, the state must show that the defendant "acted in concert with other persons who actually committed the acts constituting the elements of the crime"). In short, Morrison admits his crime. The Sixth Amendment violation at his trial could not have led any rational jury to a different verdict.[3]

### Conclusion

For the reasons stated above, the judgment of the District Court denying Morrison's petition for habeas corpus is AFFIRMED.

---

3. Morrison argues that the error in this case was so egregious that it effectively forced him to take the stand, in violation of his Fifth Amendment right against self-incrimination. But Morrison raises this argument for the first time in his Reply Brief, devoting only two sentences to it and citing no authority. In these circumstances, the argument is waived. *See, e.g., United States v. Wey,* 895 F.2d 429, 430 (7th Cir.) (holding argument waived when raised for the first time in reply brief), *cert. denied,* — U.S. ——, 110 S.Ct. 3283, 111 L.Ed.2d 792 (1990); *United States v. Fazio,* 914 F.2d 950, 959 (7th Cir.1990) (applying the rule that arguments are waived when raised perfunctorily without citation to authority). Further, Morrison has failed to present appropriate affidavits or other evidence to support his factual claim that he would not have taken the stand but for the trial court's error. Absent such proof, the claim that he was effectively forced to take the stand is speculation on the part of appellate counsel.

Even leaving aside these multiple waivers, Morrison has no claim. Morrison's codefendant Douglas, who made the confession at issue, chose not to testify even though his confession implicated himself more than it did Morrison. If Douglas was not "effectively forced" to testify by this confession, it is hard to see how Morrison could have been. Rather, Morrison or his counsel made a tactical choice for him to testify instead of remaining silent and challenging the evidence against him on appeal. The failure of this tactic to produce Morrison's acquittal does not violate his rights under the Fifth Amendment.