36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
M.P. KENES, INCORPORATED, Plaintiff-Appellant,
v.
TECHNICOTE, INCORPORATED, Defendant-Appellee.
 No. 93-3975.
 United States Court of Appeals, Seventh Circuit.
 Argued June 9, 1994.
Decided Sept. 30, 1994.
 
 1
 Before MANION and KANNE, Circuit Judges, and SHABAZ, District Judge.*
 
 ORDER
 
 2
 M.P. Kenes, Inc. filed suit against Technicote, Inc. seeking recovery of money that Technicote withheld under an engineering services contract. M.P. Kenes also sought additional compensation of $125,000 for work it performed allegedly outside the scope of this engineering services contract. Technicote counterclaimed for breach of contract. The parties agreed to submit their claims to a magistrate judge. After a bench trial, the magistrate judge found that M.P. Kenes was entitled to 85% of the money remaining due under the engineering services contract, but that it was not entitled to additional compensation for "out-of-scope" work. The magistrate judge also concluded that Technicote was not entitled to damages for breach of contract. M.P. Kenes appeals. We affirm.
 
 I. Background
 
 3
 In 1988, defendant Technicote, Inc. ("Technicote") entered into a contract with a Chinese company, Carrie Enterprise, Ltd. This contract required Technicote to provide Carrie Enterprise with machinery to manufacture pressure sensitive labels. The contract also obligated Technicote to provide Carrie Enterprise with "equipment detailed part drawings" for the machinery.
 
 
 4
 In turn, Technicote entered into a contract with M.P. Kenes ("Kenes") in which Kenes agreed to provide Technicote with certain engineering services. Among these services, Kenes was to convert to metric units measurements on certain engineering drawings. To do this, Kenes planned to use drawings provided to Technicote from two Indiana machine shops (hereinafter referred to as the "Indiana drawings"). The Indiana drawings which Kenes was to convert, however, contained numerous errors and omissions. Kenes informed Technicote of these inaccuracies in March of 1989 and a Technicote representative told Kenes to "do whatever was necessary to make the drawings correct." Kenes undertook substantial efforts to redo the Indiana drawings. Kenes' employees identified dimensional errors and discrepancies in the drawings, and then they inspected photographs of the machinery. They also identified and determined the dimensions of items listed in spare part and gear catalogs and then even travelled to Technicote's plant in Ohio to inspect the machinery. Kenes then incorporated this new information into the drawings to correct the dimensional errors and inconsistencies.
 
 
 5
 Despite the substantial trouble (in terms of time and money) that Kenes invested to correct the Indiana drawings, it did not request additional compensation from Technicote for this work until December of 1989--eight months later. At that time, Kenes faxed Technicote a request for an additional $96,850 for its work in correcting the Indiana drawings. Technicote refused to pay Kenes any additional money claiming that Kenes was required under the contract to redraft the drawings if necessary. Technicote also maintained that even if the work was beyond the scope of the original contract, Kenes was not entitled to additional compensation because Technicote had not agreed to pay for this work. Representatives from Kenes and Technicote met later to resolve their dispute. The meeting, however, proved futile. Kenes continued to demand additional compensation and Technicote refused to pay. After reaching this impasse, Kenes informed Technicote that it would perform no further work on the project. At the time, Kenes had provided Technicote approximately 85% of the Indiana drawings converted to metric. Technicote in turn refused to pay Kenes the remaining amount due Kenes under the contract--$47,490.
 
 
 6
 Kenes eventually filed suit against Technicote, now asking for $125,000 in compensation for its work in redrafting the Indiana drawings. Kenes also sought recovery of the $47,490 remaining due under its original contract with Technicote. Technicote in turn counterclaimed for breach of contract for Kenes' failure to convert the remaining 15% of the Indiana drawings to metric. The parties agreed to have their dispute decided by a magistrate judge. After a bench trial, the magistrate judge concluded that Kenes was not entitled to additional compensation for its work in redrafting the Indiana drawings because Technicote had not agreed to pay for the additional work, as required for recovery under Illinois law. The magistrate judge, however, concluded that Kenes was entitled to 85% of the $47,490 that Technicote withheld. She also concluded that Technicote was not entitled to any damages for Kenes' breach of contract. Kenes appeals.
 
 II. Analysis
 
 7
 On appeal, Kenes claims that the magistrate judge erred in finding that it was not entitled to compensation for its work in redrafting the Indiana drawings. Kenes also appeals the magistrate judge's determination that it was entitled to only 85% of the $47,490 which Technicote withheld under the original contract.[1] The parties agree that Illinois law governs these issues.
 
 
 8
 A. Out-of-scope work.
 
 
 9
 Kenes claims that in addition to the compensation due it under the engineering service contract, it was entitled to compensation for its work in redrafting the Indiana drawings. Where parties have an express contract and one of them seeks additional payment for work outside the scope of that contract, the party seeking additional compensation must establish by clear and convincing evidence that the work was:
 
 
 10
 1. outside the scope of the original contract;
 
 
 11
 2. ordered at the direction of the owner;
 
 
 12
 3. agreed to be paid for by the owner either by words or by conduct;
 
 
 13
 4. not voluntarily furnished by the contractor; and
 
 
 14
 5. not rendered necessary by the fault of the contractor.
 
 
 15
 Duncan v. Cannon, 561 N.E.2d 1147, 1149 (Ill.App.1990); Brant Constr. Co., Inc. v. Metropolitan Water Reclamation Dist., 967 F.2d 244, 246 (7th Cir.1992).
 
 
 16
 The magistrate judge found that Kenes failed to meet its burden of proof concerning requirement three--that Technicote agreed to pay Kenes for redrafting the Indiana drawings--and, therefore, Kenes was not entitled to recover for "out-of-scope" work. We review a district court's findings of fact under a clearly erroneous standard. Business Records Corp. v. Lueth, 981 F.2d 957, 959 (7th Cir.1992).
 
 
 17
 The evidence before the magistrate judge in this case established that John Rodda of Technicote told Mr. Kenes "to do whatever it takes" to correct the drawings. During this conversation, however, there was no reference, much less an agreement, to the payment of additional money for this service. There is simply no evidence to establish that either Rodda or anyone else at Technicote agreed to pay for any redrafting of the drawings. In fact, no evidence whatsoever was introduced that Kenes asked for additional compensation until December 4, 1989, after it had redrafted the Indiana drawings. In addition, the record reveals that Technicote did not want Kenes to redraft the Indiana drawings in such a detailed manner. This weighs against a conclusion that Technicote would have agreed to pay Kenes for work it did not want completed. From this evidence, we cannot say that the magistrate judge was clearly erroneous in finding that Technicote had not agreed to pay Kenes to redraft the Indiana drawings.
 
 
 18
 Further support for the magistrate's conclusion is found in Kenes and Technicote's contract. This contract contained the following provision:
 
 
 19
 If after the preliminary study, should changes occur which entail changes in the scope of detailed engineering services, then MPK will prepare a proposal for this "out-of-scope" work. No changes will be made without receiving approval for such changes.
 
 
 20
 Kenes did not prepare a proposal for the redrafting of the Indiana drawings until after it had completed the work, and in any event Technicote never approved any change in the scope of the contract.
 
 
 21
 Kenes responds by arguing that under Illinois law parties may waive provisions similar to the one outlined above. Kenes then argues that that is exactly what Technicote did when it told Kenes to do whatever it takes to fix the drawings. It is true that parties may waive provisions which mandate written change orders, such as the above provision. Berg and Assoc., Inc. v. Nelsen Steel & Wire Co,, 580 N.E.2d 1198, 1203-04 (Ill.App.1991). But waiver requires the voluntary and intentional relinquishment of a known right. Batterman v. Consumers Ill. Water Co., 634 N.E.2d 1235, 1236 (Ill.App.1994). Kenes' waiver argument is based on Technicote's statement "do whatever it takes to fix the drawings." The magistrate judge in this case found that Technicote did not knowingly relinquish its right to a written proposal for "out-of-scope" work by making this isolated statement in a phone conversation. That finding was not clearly erroneous.
 
 
 22
 Finally, as the magistrate judge recognized, the circumstances surrounding the execution of the original engineering services contract also support the conclusion that Technicote did not agree to pay for any additional work for redrafting the Indiana drawings. The original engineering services contract was memorialized in a twenty-page document signed in July of 1988 (almost a year after negotiations started between Kenes, Technicote and Carrie Enterprises). In this contract, Technicote agreed to pay Kenes $135,000 for its performance of engineering services. Kenes now seeks recovery of an additional $125,000 based solely on a single statement made during a telephone conversation. The magistrate judge stated that "it is simply implausible that Technicote would, without more discussion than a single sentence in a phone call, enter into a $125,000 contract for "out-of-scope" work." See Duncan, 561 N.E.2d at 1151 ("It is well settled that the burden of establishing [the five requirements for out-of-scope work] is that plaintiff's burden and evidence of general discussion will not supply all of these elements."). We agree and conclude that the magistrate judge was not clearly erroneous for concluding that Technicote had not agreed to pay any additional compensation, as required for recovery for "out-of-scope" work.[2]
 
 
 23
 B. $47,490 withheld.
 
 
 24
 After Technicote refused to pay Kenes for its work in redrafting the Indiana drawings, Kenes refused to complete the metric conversions on the Indiana drawings. It had already completed 85% of the metric conversions. In response, Technicote refused to pay Kenes $47,490--the remainder due it under the engineering services contract. Kenes sought recovery of the entire $47,490 in its suit against Technicote.
 
 
 25
 Under Illinois law, a contractor is entitled to compensation for the reasonable value of services rendered when he fails to substantially perform under the contract. Howard v. Jay, 561 N.E.2d 274, 278 (Ill.App.1990). The magistrate judge concluded that Kenes had not substantially performed under the contract because the metric conversion was an essential part of the contract. The magistrate, therefore, undertook to determine the reasonable value of the metric conversion. In considering Kenes' claim, the magistrate judge assumed that the $47,490 still due under the contract represented the contract price attributable to the metric conversion services Kenes had agreed to provide.[3] The magistrate judge then noted that since Kenes had rendered 85% of the required metric conversions, it was entitled to 85% of $47,490 or $40,366.50. The calculation was not clearly erroneous.
 
 
 26
 Kenes appeals this determination, claiming that it is entitled to the entire $47,490. At first, Kenes argued that it was entitled to the full $47,490 because "Technicote received all the drawings required by the engineering services section of the proposal." The undisputed evidence, however, established that Kenes completed approximately only 85% of the metric conversions required under the contract. Recognizing this point, Kenes argues in its reply brief that the appropriate reduction for its failure to complete 15% of the metric conversion was not 15% of the contract price, but the amount it cost Technicote to complete the conversions. Kenes concludes the reduction would be only $173.00. Kenes has waived this objection, however, because it raised this argument for the first time in its reply brief. Morrison v. Duckworth, 929 F.2d 1180, 1183 n. 3 (7th Cir.1991); United States v. Wey, 895 F.2d 429, 430 (7th Cir.1990).
 
 III. Conclusion
 
 27
 Because Technicote did not agree to pay for any additional work, the magistrate judge did not err in finding that Kenes was not entitled to additional compensation for its work in redrafting the Indiana drawings. The magistrate judge also did not err in calculating Kenes' recovery for its performance of 85% of the metric conversions. For these and the foregoing reasons, we
 
 
 28
 AFFIRM.
 
 
 
 *
 Hon. John C. Shabaz, District Judge from the Western District of Wisconsin, sitting by designation
 
 
 [1]
 Technicote does not appeal the magistrate judge's determination that it was not entitled to damages for Kenes' breach of contract
 
 
 [2]
 Kenes responds by claiming that it did not need to prove that Technicote agreed to pay for the "out-of-scope" work if Technicote requested the work and knew it was being done. Kenes cites Pope v. Speiser, 130 N.E.2d 507, 510-11 (Ill.1955), in support of its position. Pope, however, is inapposite since it did not involve "out-of-scope" work. Pope rather involved a claim for unjust enrichment. Illinois law is clear that to recover for out-of-scope work, the party seeking recovery must prove by clear and convincing evidence that the other party agreed to pay for that work. Duncan, 561 N.E.2d at 1149 ("our courts have continually reiterated that the proof that ... the defendant ... agreed to pay for them must be by clear and convincing evidence.")
 
 
 [3]
 Neither party objects to this assumption, although it is unclear from the record how the magistrate determined that the metric conversion services alone accounted for $47,490 of the entire contract price