46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dean C. DAUW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3812.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Dec. 20, 1994.*
Decided: Jan. 18, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In August of 1989, Dean Dauw, a psychologist and professor at DePaul University, pled guilty to two counts of defrauding and obtaining money by false and fraudulent pretenses in violation of 18 U.S.C. Sec. 1341. Specifically, Dauw admitted to fraudulently obtaining in excess of $100,000 by submission of false insurance claims for psychological services not in fact rendered. The plea agreement provided that the total potential sentence for the two counts was ten years imprisonment, a $500,000 fine as well as any restitution ordered by the court. With regard to the restitution, the agreement specified that the court would order restitution pursuant to 18 U.S.C. Secs. 3663 and 3664 in an amount to be determined at sentencing. The court sentenced Dauw to twenty-four months' incarceration on count one and a concurrent five year term of probation on count two. Restitution was imposed in the amount of $379,400. Dauw did not file a direct appeal. Thereafter, Dauw filed a motion to reduce the incarceration portion of his sentence. The motion was denied and Dauw did not appeal. Three years later, however, Dauw filed the instant action seeking post-conviction relief. 28 U.S.C. Sec. 2255.
 
 
 2
 Dauw asserts that the district court erred by ordering restitution to victims beyond those specified in the plea agreement. Dauw argues that under Hughey v. United States, 495 U.S. 411 (1990), decided subsequent to the appeal-period on his sentence, the amount of restitution imposed cannot exceed the amount of loss alleged in the counts of conviction. Dauw requests that restitution be reduced from $379,400 to $4,405, the amount of loss caused by the specific mailings described in the two counts to which he pled guilty. The district court denied Dauw's petition, finding it foreclosed by United States v. Turino, 978 F.2d 315 (7th Cir. 1992), cert. denied, 113 S. Ct. 2969 (1993). We affirm.
 
 
 3
 Dauw's failure to raise this issue at trial or on direct appeal would generally bar him from raising it in a federal habeas proceeding absent a showing of cause for his procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 166-68 (1982). Dauw contends that he has cause for his procedural default because his claim, resulting from the change in law established in Hughey, was novel and unavailable to him either at the time of his trial or at the time of his direct appeal. See Salberg v. United States, 969 F.2d 379, 382 (7th Cir. 1992). In Reed v. Ross, 468 U.S. 1, 16 (1984), the Supreme Court held that "where a constitutional claim is so novel that its legal basis in not reasonably available to counsel, a defendant has cause for his failure to raise the claim." See Salberg, 969 F.2d at 382 (interpreting a constitutional claim as "reasonably available" if the decision establishing that claim "(1) expressly overruled existing Supreme Court precedent, (2) overturned a longstanding and widespread practice to which a "near unanimous" body of lower court authority had adhered or (3) disapproves a practice that the Supreme Court had arguably sanctioned in the past," citing Reed, 468 U.S. at 17). However, in light of Teague v. Lane, 489 U.S. 288 (1989), the validity of Reed is questionable. See Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir. 1990). But see Gacy v. Welborn, 994 F.2d 305, 311 (7th Cir.) (en banc) ("Any claim sufficiently novel that it was unavailable during the state proceedings must be a 'new rule' under Teague."), cert. denied, 114 S. Ct. 269 (1993).
 
 
 4
 We need not consider whether Hughey constitutes a "new rule" entitling Dauw to habeas relief, see Williams v. Chrans, 945 F.2d 926, 942 (7th Cir. 1991), cert. denied, 112 S. Ct. 3002 (1992), however, because we find Dauw's claim barred by Turino. In Hughey, the Supreme Court held that the Victim and Witness Protection Act of 1982 ("VWPA"), formerly 18 U.S.C. Sec. 3651, but renumbered as Sec. 3663, limits restitution to the "loss caused by the specific conduct that is the basis of the offense of conviction." 495 U.S. at 413. In Turino, this court held that in the context of mail fraud (18 U.S.C. Sec. 1341), Hughey does not preclude an order of restitution for the entire mail fraud scheme. Our reasoning was that "'[p]roof of a scheme is an element of the offense of mail fraud, and therefore, actions pursuant to that scheme should be considered conduct that is the basis of the offense of conviction."' 978 F.2d at 318 (quoting United States v. Bennett, 943 F.2d 738, 740 (7th Cir. 1991), cert. denied, 112 S. Ct. 2970 (1992)). Our holding in Turino clearly encompasses the facts of Dauw's case, and we decline to revisit our holding on this issue at this time.
 
 
 5
 Dauw contends that adherence to Turino denies him due process because other individuals convicted of the same acts would not be subject to the same restitution. See, e.g., United States v. Jewett, 978 F.2d 248 (6th Cir. 1992); United States v. Badaracco, 954 F.2d 928 (3rd Cir. 1992); United States v. Marsh, 932 F.2d 710 (8th Cir. 1991). This argument is raised for the first time in the reply brief, and accordingly we will not consider it. Morrison v. Duckworth, 929 F.2d 1180, 1183 n.3 (7th Cir. 1991); Circuit Rule 28(f).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record